IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRENDTEX FABRICS, LTD.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HULA BATIK INTERNATIONAL INC. (dba HULA BATIK APPAREL),<br><br>　　　　Defendant. | CIVIL No. 16-00318 KJM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF TRENDTEX FABRICS, LTD.'S EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND (2) ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF TRENDTEX FABRICS, LTD.'S EX PARTE
APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER,
SEIZURE ORDER AND (2) ORDER TO SHOW CAUSE FOR
PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY

　　　　On April 21, 2017, Plaintiff Trendtex Fabrics, Ltd. ("Trendtex") lodged an Ex Parte Application for (1) Temporary Restraining Order, Seizure Order[,] and (2) Order To Show Cause For Preliminary Injunction and for Expedited Discovery ("Application"). The Court has carefully reviewed the Application, the Memorandum in Support of the Application ("Memorandum"), the declarations, and the Proposed Temporary Restraining Order, Seizure Order and Order to Show Cause for Preliminary Injunction and for Expedited Discovery ("Proposed Order"). For the reasons discussed in this Order, the Court DENIES Trendtex's request for an ex parte temporary restraining order and ex parte seizure

order. In the interest of managing discovery and promoting the just, speedy, and inexpensive determination of this action, however, this Court GRANTS in part Trendtex's request for expedited discovery.

## BACKGROUND

The instant Application arises from a copyright infringement Complaint filed by Trendtex against Chun Dung Lau (dba Hula Hula) on June 16, 2016. *See* ECF No. 1. Trendtex thereafter amended its Complaint on October 18, 2016, adding Defendant Hula Batik International Inc. ("Hula Batik") as a defendant. *See* ECF No. 17. Trendtex then requested leave to amend its Complaint again on March 1, 2017, which this Court granted on March 31, 2017. *See* ECF Nos. 35, 38.

The operative Complaint in this case, Trendtex's Second Amended Complaint for Copyright Infringement ("SAC"), alleges that Hula Batik "manufactures, distributes, and/or sells clothing and other items in this judicial district using fabric bearing designs that are substantially similar (if not identical)" to a number of copyrighted designs owned by Trendtex ("Copyrighted Designs").[1] ECF No. 39. In the instant Application, Trendtex alleges that it has learned that: (1) a container of clothing goods that allegedly infringe on, or incorporate copies of, two Copyrighted Designs has been recently shipped to Hula Batik; (2) Chad

---

[1] Trendtex's SAC deletes references to Chun Dung Lau (dba Hula Hula) "as the claims against him were dismissed without prejudice due to non-service." ECF No. 35-1 at 4 n.1.

Kim, an individual against whom Trendtex has previously filed two copyright infringements actions in this Court related to the Copyrighted Designs, has been seen at the Hula Batik warehouse located on Dillingham Boulevard; and (3) Hula Batik anticipates selling garments bearing the Copyrighted Designs over the next six months.  Application at 2-3.

Based on this information, Trendtex requests:  (1) "entry of a temporary restraining order without notice"; (2) "an order directing the U.S. Marshal or other federal or local law enforcement officer, together with representatives from Trendtex, to seize garments" from Hula Batik's warehouse bearing the Copyrighted Designs and all business records relating to the Copyrighted Designs; and (3) expedited discovery.  Application at 2-3.

## DISCUSSION

I.   Ex Parte Temporary Restraining Order

"A court may issue a temporary restraining order *without notice* to the adverse party only if 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*.'"  *Retail Imaging Mgmt. Grp., LLC v. Fujifilm N. Am. Corp.*, 841 F. Supp. 2d 1189, 1191 (D. Or. 2012) (emphasis in original) (citing Fed. R. Civ. P. 65(b)(1)(A)).  "The stringent restrictions imposed . . . by [Federal Rule of Civil Procedure] 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire

jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). Federal law thus requires that ex parte temporary restraining orders ("TROs") be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.*

To this end, courts have recognized "a very narrow band of cases in which ex parte orders are proper," namely, in cases where "notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). For example, in the trademark arena, courts have issued ex parte TROs where an alleged infringer was likely to dispose of the infringing goods before the hearing. *See, e.g., In the Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 2 (2d Cir. 1979) (finding petitioner's showing was sufficient to justify an ex parte TRO where petitioner pointed to its experience in eighty four previous actions against counterfeiters, where petitioner's litigation efforts were foiled because a counterfeiter had transferred its inventories to members of "closely-knit distribution networks" before the court could hold a hearing). Copyright cases similarly carry the risk that an alleged infringer will dispose of infringing goods if given notice.

4

Here, Trendtex asserts that Hula Batik has been acting in concert with and actively participating with Chad Kim, who has in previous cases against him involving Trendtex's Copyrighted Designs, ignored court orders to deliver infringing materials to the court. *See* Memorandum at 13 (citing *Trendtex Fabrics Ltd. v. Kim, et al.*, Civil No. 13-00253 LEK-RLP, 2013 WL 5947027 at *9 (D. Haw. Nov. 5, 2013)); Declaration of Donna Hamai ("Hamai Decl.") (declaring that a shipment of clothing scheduled to arrive in Honolulu on August 20, 2015, showed Mr. Kim's telephone number on the shipping documents listing Hula Batik Apparel as the consignee and notifying party); Declaration of Counsel at 3-4 (detailing Mr. Kim's actions in previous copyright infringement actions with Trendtex, in which he failed to deliver the infringing material, and instead disposed of inventory). Trendtex contends that notice should be excused pursuant to Federal Rule of Civil Procedure ("FRCP") 65 because it is "apparent" that Hula Batik will dispose of the infringing goods based on Mr. Kim's pattern of conduct. Trendex asserts that Mr. Kim, at the very least is similarly situated to Hula Batik, if not a person acting in concert with, Hula Batik. Memorandum at 13-14. Trendtex thus argues that this risk of disposal shows that further prosecution of this action will likely be fruitless. *Id*. at 14. The Court is not persuaded.

The Court acknowledges that courts have granted ex parte TROs where notice could render further prosecution of an action fruitless based on the risk that a defendant could simply dispose of the goods before a hearing. Trendtex

cites a number of cases in which courts have granted the applicant's ex parte TRO based on sufficient evidence that the defendant could destroy, conceal, or transfer the counterfeited goods. *See* Memorandum at 11. The Court has carefully reviewed each of these cases, and finds that each case shares an important attribute—each of their ex parte TRO requests were filed at the same time that they filed the complaint. *See Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979) (filing complaint and an affidavit from plaintiff's attorney explaining that service of process had not been effected and requesting an ex parte TRO); *SATA GmbH & Co. Kg v. Wenzhou New Century Int'l, Ltd.*, No. CV 15-08157-BRO (EX), 2015 WL 6680807, at *1 (C.D. Cal. Oct. 19, 2015) (filing its complaint against defendants under seal and concurrently filing an ex parte TRO application); *Gucci Am., Inc. v. Los Altos Boots, Inc.*, No. CV1406680 BRO (AJWx), 2014 WL 12561613, at *4 (C.D. Cal. Aug. 27, 2014) (filing a complaint under seal and its ex parte TRO application on the same day of the complaint; *Moose Toys Pty Ltd. v. Thriftway Hylan Blvd. Drug Corp.*, No. 15-CV-4483 DLI MDG, 2015 WL 4772173, at *2 (E.D.N.Y. Aug. 6, 2015) (filing an ex parte TRO application concurrently with the complaint).

    The Court finds that this attribute is critical because, although evidence that a defendant may dispose of evidence if given notice can justify excusal of the notice requirement, this Court is still bound by Rule 65's mandate that ex parte TROs may be issued only if "specific facts clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Each of the applicants in the foregoing cases filed their ex parte TRO in conjunction with their complaint, which supported their position that they could suffer immediate and irreparable injury, loss, or damage before the adverse party could be heard in opposition. Here, Trendtex offers no such evidence.

Trendtex proffers the following as "indicia of intangible injury constituting irreparable harm for purposes of a preliminary injunction": "Lost or damaged goodwill, lost business, lost business opportunities, and the inability to use intellectual property completely." Memorandum at 16-17. Ms. Hamai's declaration also alleges that: (1) as a result of Hula Batik's "sale of 'knock-off' goods bearing the Copyrighted Designs," bulk orders from her customers "have either slowed or stopped completely"; and (2) she has "received numerous complaints from some of [her] best customers that their business has slowed down tremendously because of the surge in the marketplace of Defendant's 'knock-off' garment goods bearing the Copyrighted Designs that are the subject of this suit." Memorandum at 3. The Court finds that these statements fall short of the "specific facts" mandated by Rule 65.

First, the record before this Court does not demonstrate that Trendtex acted with the type of urgency this Court would expect if Trendtex indeed faced immediate and irreparable injury. Trendtex requests that this Court issue a TRO

that broadly enjoins a number of Hula Batik's allegedly infringing activities, *see* Proposed Order at 5 (listing activities in which Trendtex seeks to enjoin Hula Batik from engaging); however, Trendtex had knowledge of these activities for several months before filing the Application. *See* ECF No. 17 ¶ 14 (alleging that Trendtex had notified Hula Batik on September 26, 2016, that Trendtex owned one of the Copyrighted Designs at issue and that Hula Batik was manufacturing and/or selling garments and other good bearing a substantially similar design).

Trendtex filed its original Complaint over ten months ago. *See* ECF No. 1. Hula Batik made its appearance in this case on December 5, 2016, when it filed its answer to Trendtex's amended complaint, which was filed on October 18, 2016. *See* ECF No. 17, 23. Trendtex nonetheless waited to file this Application, even though it had knowledge that "Hula Batik [was] continuing to sell the infringing clothing during the pendency of the litigation." Memorandum at 13. Although delay alone is not a determinative factor in whether the grant of a TRO is just and proper, a long delay before seeking a preliminary injunction "implies a lack of urgency and irreparable harm." *Miller for & on Behalf of N.L.R.B. v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993); *accord Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076, 1092 n.27 (3d Cir. 1984) ("[T]he district court may legitimately think it suspicious that the party who asks to preserve the status quo through interim relief has allowed the status quo to change through unexplained delay."). Accordingly, the Court finds that this action, or rather this inaction, is not

8

consistent with a finding of "immediate and irreparable harm." *Valeo Intellectual Prop., Inc. v. Data Depth Corp.*, 368 F. Supp. 2d 1121, 1128 (W.D. Wash. 2005) ("A three-month delay in seeking injunctive relief is inconsistent with [plaintiff's] insistence that it faces irreparable harm.").

Second, the Court notes that this delay suggests that "the harm has occurred and the parties cannot be returned to the status quo." *Aguayo v. Tomco Carburetor Co.*, 853 F.2d 744, 747 (9th Cir.1988), *overruled on other grounds by Miller v. Cal. Pac. Med. Ctr.,* 19 F.3d 449 (9th Cir. 1994). As explained above, ex parte TROs issued under federal law "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc.*, 415 U.S. at 439.

Here, Trendtex claims to have known that Hula Batik was allegedly manufacturing and/or selling infringing garments as early as September of 2016. *See* ECF No. 17 ¶ 14. Trendtex also alleges that Hula Batik continues to sell the infringing clothing during the pendency of this litigation. Memorandum at 13. Trendtex fails to sufficiently establish, however, that further losses are imminent or that Trendtex has anything further to lose. Rather, Ms. Hamai's declaration indicates that business has already "slowed down tremendously." Hamai Decl. at 3. Trendtex thus fails to demonstrate why issuing an ex parte TRO now would serve to prevent any irreparable harm beyond the damage already done. *See*

9

*Innospan Corp. v. Intuit, Inc.*, No. C 10-04422 WHA, 2010 WL 5157157, at *2 (N.D. Cal. Dec. 3, 2010) (denying plaintiff's motion for a preliminary injunction where, although plaintiff claimed to have suffered loss of control over the mint mark, loss of goodwill, and loss of trade, the plaintiff waited to request preliminary relief until after it already had suffered the bulk of its alleged harm, and had not established that further losses were imminent or that it had anything left to lose).

Based on the lack of specific facts showing that Trendtex would suffer immediate and irreparable injury, loss, or damage before Hula Batik could be heard in opposition, further exacerbated with evidence of delay, the Court finds that issuing an ex parte TRO is not legally supported under these circumstances. The Court thus DENIES Trendtex's request for an ex parte TRO.

II.  Ex Parte Seizure Request

Trendtex also requests an ex parte seizure order under 17 U.S.C. § 503(a)(3), which extends the procedures allowing for ex parte applications to seize and impound counterfeit goods under the Trademark Act, 15 U.S.C. § 1162(d), to copyright infringement cases.  Memorandum at 7-8.  Trendtex requests an ex parte seizure order that directs the U.S. Marshal, together with representatives from Trendtex, to seize garments bearing the Copyrighted Designs and all business records relating to these designs, from Hula Batik's warehouse on Dillingham Boulevard.  Application at 3.  Trendtex asserts that Hula Batik

"anticipates selling garments bearing the Trendtex Copyrighted Designs over the next six months." *Id.*

"Ex parte seizure orders, like ex parte TROs, are disfavored and narrowly construed[.]" *Esquire Props. Trading, Inc. v. Starmax Enters., Inc.*, No. V1409379 MMM (AJWx), 2014 WL 12479298, at *13 (C.D. Cal. Dec. 8, 2014). Accordingly, a court may not grant an ex parte seizure order unless the court finds that it clearly appears from specific facts that the seven requirements listed under § 1162(d)(4)(B) have been met. *See In re Lorillard Tobacco Co.*, 370 F.3d 982, 989 (9th Cir. 2004) ("The § 1116(d) order is an extraordinary mechanism for pre-notice seizure of allegedly infringing goods. The statute sets out specific standards. If the applicant cannot meet those standards, immediate seizure is foreclosed but the ultimate remedy is preserved.").

Because the requirements of § 1162(d)(4)(B) are conjunctive, unless Trendtex can meet all seven of the requirements in this section, the Court "shall not grant such application." 15 U.S.C. § 1162(d)(4). Here, the Court finds that Trendtex fails to meet at least two of the seven requirements, namely, Trendex fails to demonstrate with specific facts that (1) an order other than an ex parte seizure order is not adequate to achieve the purposes of 15 U.S.C. § 1114, and (2) an immediate and irreparable injury will occur if such seizure is not ordered. § 1162(d)(4)(b)(i) & (iv).

11

First, in support of the first requirement, Trendtex contends that absent an ex parte seizure order, Hula Batik "will destroy or conceal the knock off clothing items and thereby hinder Trendtex's ability to protect its rights." Memorandum at 18. Trendtex thus contends that an ex parte seizure order is the only remedy adequate to achieve the purposes of § 1114. The Court disagrees.

"The mere allegation that a defendant is engaged in counterfeiting, and thus has an incentive to destroy evidence, without more, is insufficient to support granting an ex parte request for a seizure order." *Royal Plush Toys, Inc.*, 907 F. Supp. 2d at 1098. "Were courts to hold otherwise, ex parte seizure orders would become automatic in all counterfeiting cases." *Id*. Accordingly, Trendtex's allegation that Hula Batik will destroy the evidence is, alone, insufficient to demonstrate that an ex parte is the only adequate remedy to achieve the purposes of § 1114. *See Cont'l Connector Corp. v. Cont'l Specialties Corp.*, 492 F. Supp. 1088, 1094 (D. Conn. 1979) ("The basic purpose of [Section 1114] is to protect an established trademark user from being injured by another's use of the same trademark; the types of injuries involved are loss of patronage, loss of reputation, and limitation on business expansion.").

Next, in support of the fourth requirement in § 1162(d)(4)(B), Trendtex asserts that it will suffer immediate and irreparable injury to its reputation and goodwill if this Court does not issue an ex parte seizure order. Memorandum at 19. Trendtex does not, however, offer specific facts to support this assertion.

Trendtex simply states, "as shown above, Trendtex will suffer immediate and irreparable injury to its reputation and goodwill if the seizure order does not issue." Memorandum at 19. Because the Court finds that Trendtex failed to demonstrate the immediate and irreparable harm sufficient to issue an ex parte TRO, the Court likewise finds that Trendtex has failed to meet the fourth requirement of Section 1162(d)(4)(b). *See Esquire Props. Trading, Inc.*, 2014 WL 12479298, at *13 (opining that given the "draconian nature" of an ex parte seizure order, plaintiff bears the burden of proffering "*specific facts* that satisfy each requirement" of § 1116(d)(B) to justify "the seizure of a defendant's wares and records without prior notice to the defendant and with the assistance of law enforcement officers") (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1306 (5th Cir. 1997) (alterations in original)). Accordingly, the Court finds that it does not clearly appear from specific facts that an immediate and irreparable injury will occur if the Court does not order the ex parte seizure.

Finally, also worth noting is Trendtex's failure to meet the requirements of § 1116(d)(2). Under this section, the court "shall not receive an application" in civil actions arising out of use of counterfeit marks "unless the applicant has given such notice of the application as is reasonable under the circumstances to the United States attorney for the judicial district in which such order is sought." 15 U.S.C. § 1116(d)(2). Notice is thus mandatory before a court may entertain an ex parte seizure application.

13

Here, Trendtex fails to demonstrate that it has in fact, given notice to Hawaii's United States Attorney.  Accordingly, Trendtex's failure to comply with this necessary prerequisite in addition to its failure to offer specific facts that (1) an order other than an ex parte seizure order is not adequate to achieve the purposes of Section 1114, and (2) Trendtex will suffer immediate and irreparable injury if the ex parte seizure order is not issued, militates against this Court's issuance of the extreme remedy of an ex parte seizure order.  *See United States v. All Right, Title & Interest in Real Prop. Titled in Name of Taipei Partners in Honolulu*, *State of Haw.*, 927 F. Supp. 1324, 1329 (D. Haw. Jan. 22, 1996) (noting that seizure is an extreme measure).  The Court thus DENIES Trendtex's request for an ex parte seizure order.

III.   Expedited Discovery Request

Trendtex also seeks an order for expedited discovery granting Trendtex leave to immediately serve upon Hula Batik (i) notices of depositions upon oral examination pursuant to FRCP 30 requiring Hula Batik's attendance at such deposition with not less than forty-eight (48) hours' notice; and (ii) requests for production of documents and things pursuant to FRCP 34 requiring the production of documents and things not less than forty-eight hours after service.  Trendtex argues that good cause exists for expedited discovery because Trendtex needs to ascertain Hula Batik's sources of the infringing goods and learn of any pending shipments of additional infringing goods.

14

In support of its request, Trendtex relies entirely on cases determining whether to grant expedited discovery before the Rule 26(f) conference of the parties. *See Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp.2d 1086, 1099-1100 (N.D. Cal. 2012) (denying expedited discovery where plaintiff did not clearly show the information was needed to obtain a preliminary injunction); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (finding good cause to provide immediate access to limited discovery before the Rule 26(f) conference); *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (denying request for expedited discovery for lack of good cause). These cases are inapposite, though, as the parties held their Rule 26(f) and Local Rule 26.1 conference on January 13, 2017. *See* ECF No. 27. Accordingly, the Court will treat Trendtex's request for expedited discovery assistance as a motion to compel discovery.

FRCP 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action." Information that is within the scope of discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). On a motion to compel, the "moving party carries the burden of informing the court of (1) which discovery requests are the subject of his motion to compel, (2) which of the defendants' responses are disputed, (3) why the responses are deficient, (4) the

15

reasons defendants' objections are without merit, and (5) the relevance of the requested information to the prosecution of his action." *Friends of Mahaʻulepu, Inc. v. Hawaiʻi Dairy Farms, LLC*, Civ. No. 15-00205 LEK-KJM, 2016 WL 6917283, at *2 (D. Haw. Sept. 2, 2016).

The Application demonstrates that, although Hula Batik provided discovery responses on March 1, 2017, it has still not produced any responsive documents. *See* Exhibit AA; Declaration of Counsel at ¶15. The Application also indicates that Trendtex has attempted to meet and confer regarding this production, as well as dates for Hula Batik's deposition, but that Hula Batik has not responded. *See* Exhibit BB; Declaration of Colin Miwa at ¶16.

The Court is mindful that (i) the Application is *ex parte*, and thus Hula Batik has not had an opportunity to oppose Trendtex's Application; and (ii) Trendtex has not provided the Court with the subject discovery requests or a description of them. That said, it is also apparent that the Hula Batik is not responding to Trendtex's attempts to cooperatively obtain responsive documents, schedule Hula Batik's deposition, or even address any objection Hula Batik might have to the requested discovery. Taking these competing interests into account, the Court, exercising its discretion to manage discovery, and in the interest of promoting judicial economy and the just, speedy and inexpensive determination of this action, orders Hula Batik to produce all responsive documents for which it has not objected within seven days of this order. Within seven days thereafter, Hula

Batik shall provide Trendtex with a privilege log for any responsive documents it is withholding. Any privilege log must comply with FRCP 26(b)(5). *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005). Hula Batik's representative(s) shall also be made available for deposition within fourteen (14) days of the date of this Order.

## CONCLUSION

For the reasons discussed in this Order, the Court GRANTS IN PART AND DENIES IN PART Trendtex Fabrics, Ltd.'s lodged Ex Parte Application for (1) Temporary Restraining Order, Seizure Order[,] and (2) Order To Show Cause For Preliminary Injunction and for Expedited Discovery as follows:

(1) The Court DENIES (a) Trendtex's request for an ex parte temporary restraining order, and (b) Trendtex's request for an ex parte seizure order; and

(2) The Court GRANTS Trendtex's request for expedited discovery. The Court orders:

(a) Hula Batik to produce all responsive documents for which it has not objected within seven days of this order;

(b) Within seven days after Hula Batik has produced the responsive documents ordered in (2)(a), Hula Batik shall provide Trendtex with a privilege log for any responsive documents it is withholding. Any privilege log must comply with FRCP 26(b)(5); and

17

(c) Hula Batik's representative(s) shall be made available for deposition within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i April 28, 2017.



 /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CIVIL NO. 16-00318 KJM; *TRENDTEX FABRICS, LTD., v. HULA BATIK INTERNATIONAL INC*.; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF TRENDTEX FABRICS, LTD.'S EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND (2) ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY